UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

In re:

BRIE N. DEER,

        Debtor.

_____/

Case No. DL 17-05066
Hon. Scott W. Dales
Chapter 7

MSU FEDERAL CREDIT UNION,

        Plaintiff,

v.

BRIE N. DEER,

        Defendant.

_____/

Adversary Pro. No. 18-80032

MEMORANDUM OF DECISION & ORDER

PRESENT:    HONORABLE SCOTT W. DALES
                  Chief United States Bankruptcy Judge

Plaintiff MSU Federal Credit Union (the "Plaintiff") filed Plaintiff's Motion for Summary Judgment Pursuant (ECF No. 10, the "Motion"). The Motion drew no response from debtor-defendant Brie N. Deer (the "Defendant"), who appeared in this proceeding *pro se*.

The Defendant did not participate in the scheduled pretrial conference, and in her answer (ECF No. 5) she admits responsibility for the debt. In its Pretrial Order dated May 7, 2018 (ECF No. 9), the court invited the Defendant to amend her pleading but she did not accept the invitation.

The court has reviewed the Motion and brief in support of the Motion, the pleadings, and the docket generally, and finds that the Motion establishes a right to relief

in favor of the Plaintiff.  As set forth in the Pretrial Order at p.1, the court has jurisdiction to resolve this dispute, and authority to enter final judgment, in response to the Motion.

In its Motion, the Plaintiff relies on the statutory presumption of nondischargeability that arises under 11 U.S.C. § 523(a)(2)(C)(i)(II) for consumer credit card advances effected within 70 days of the petition date.  More specifically, the record shows that on October 24 and 25, 2017, within eight days before filing a voluntary chapter 7 petition, the Defendant obtained cash advances using a revolving credit account (a VISA credit card) in the amount of $300.00 and $3,000.00, respectively.  The aggregate amount of the debt at issue in this adversary proceeding is $3,300.00 (the "Debt"), which exceeds the $950.00 threshold prescribed in § 523(a)(2)(C)(i)(II).

Given the Defendant's answer, there is no factual dispute about the elements of Plaintiff's case for fraudulently obtaining funds using the VISA account.  *See, e.g., Rembert v. AT&T Universal Card Servs. Inc. (In re Rembert)*, 141 F.3d 277 (6th Cir. 1998). By not meaningfully contesting the Plaintiff's allegations in the complaint, and by not answering the Motion, the Defendant is permitting the Plaintiff to rely on the presumption that the Debt should be excepted from discharge as the product of fraud under 11 U.S.C. § 523(a)(2)(A).

The Plaintiff has also moved for relief under 11 U.S.C. § 523(a)(6), which applies to debts for willful and malicious injury to persons or property.  Although the court has doubts about the applicability of this section to the facts of the current case, its decision to grant the Motion with respect to the better-fitting theory under 11 U.S.C. § 523(a)(2)(A) makes it unnecessary and improvident to consider the argument under § 523(a)(6).  Instead,

it suffices to declare that the Debt should be excepted from discharge as a fraud on the Plaintiff.

Finally, the court is mindful of the fact that the Defendant appears in this case *pro se*, but as the court warned in the Pretrial Order, the rules of procedure, including Fed. R. Civ. P. 56, apply to all litigants, represented and unrepresented alike.  The Defendant has not opposed the Motion, and the Plaintiff has established a right to relief under the rule. Accordingly, the court will enter judgment in the amount of $3,300.00, plus costs, in favor of the Plaintiff, and the judgment will also declare the Debt excepted from discharge under § 523(a)(2)(A).

NOW, THEREFORE, IT IS HEREBY ORDERED that the Motion is GRANTED, and the Clerk shall enter a judgment consistent with this Memorandum of Decision & Order.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Memorandum of Decision & Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon Karen L. Rowe-Oberle, Esq., and Brie N. Deer.

END OF ORDER

**IT IS SO ORDERED.**

**Dated July 17, 2018**



Scott W. Dales
United States Bankruptcy Judge